IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY SAAVEDRA,<br><br>        Plaintiff(s),<br><br>v.<br><br>A. HEDGPETH, et al.,<br><br>        Defendant(s). | No. C 09-0178 CRB (PR)<br><br>ORDER OF SERVICE |

        Plaintiff, a prisoner at Corcoran State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 challenging his placement and retention in administrative segregation in the secure housing unit ("SHU") on the basis of association with the Mexican Mafia ("EME") prison gang.  Plaintiff alleges that various prison officials at Salinas Valley State Prison ("SVSP") and the California Department of Corrections and Rehabilitation ("CDCR") had him placed in long-term administrative segregation in the SHU without a fair hearing and on the basis of evidence that is unreliable and insufficient under the terms of the settlement agreement in Castillo v. Alameida, No. 94-2847 MJJ (PR) (N.D. Cal.).  Plaintiff also alleges that his placement in the SHU was in retaliation for his filing prisoner grievances.

1    Plaintiff further alleges that SVSP officers J. Hughes and A. Diaz were
2 deliberately indifferent to his safety needs when they made false allegations
3 about plaintiff to fellow prisoners and thereby caused plaintiff to be assaulted.
4 Plaintiff also alleges that SVSP psychologists J. Gardi and J. Scaramozzino were
5 deliberately indifferent to his mental health needs when they failed to note
6 plaintiff's mental health disorders in CDCR's SHU mental health screening form
7 and thereby caused plaintiff to be transferred to Pelican Bay State Prison's
8 ("PBSP") SHU, where inmates with mental health ailments are not permitted.

Plaintiff finally alleges that PBSP doctor W. Wahidulla and medical technical assistant Jones were deliberately indifferent to his serious medical needs when they failed to treat properly an infected lesion on his leg.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

2

B.    <u>Legal Claims</u>

The decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  Plaintiff's deprivation here – a prolonged term of segregation in the SHU – suggests sufficient severity to implicate procedural due process protection.  Assuming that this is the case, the Ninth Circuit has held that plaintiff was entitled to the following procedures before placement in the SHU: (1) an informal nonadversary hearing within a reasonable time after being segregated, (2) notice of the charges or the reasons segregation is being considered, and (3) an opportunity to present his views.  <u>See</u> <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1100 (9th Cir 1986).  There also must be "some evidence" to support the decision to segregate plaintiff for administrative reasons, <u>id.</u> at 1104-04 (citing <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985)), and the evidence relied upon must have "some indicia of reliability," <u>Madrid v. Gomez</u>, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995).  In view of the following, plaintiff's allegations regarding placement and retention in administrative segregation in the SHU, when liberally construed, state cognizable claims under § 1983 for denial of due process against the following defendants at SVSP – Chief Deputy Warden A. Hedgpeth, Lts. R. Martinez and J. J. Hughes, and correctional officers M. Valdez and A. Diaz – and against the following defendants at CDCR in Sacramento – Law Enforcement and Investigations Unit ("LEIU") special agents Everett W. Fischer, Daniel L. Smith and Dave L. Speer.

Plaintiff's allegations that his placement in the SHU was in retaliation for his filing prisoner grievances also state a cognizable claim under § 1983, when

3

liberally construed, against the SVSP defendants listed above, i.e., Hedgpeth, Martinez, Hughes, Valdez and Diaz. Prisoners may not be retaliated against for using a prison's grievance process. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's allegations that SVSP officers J. Hughes and A. Diaz were deliberately indifferent to his safety needs, and that SVSP psychologists J. Gardi and J. Scaramozzino were deliberately indifferent to his mental health needs, state cognizable claims under § 1983 against these defendants, when liberally construed. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (8th Amendment imposes duty on prison officials to provide all prisoners with basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety).

Plaintiff's medical claim against PBSP doctor W. Wahidulla and medical technical assistant Jones will be DISMISSED without prejudice to raising in a separate action, however. A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if, as is the case here, the facts giving rise to the claims were not related in some way – that is, if there was not "similarity in the factual background of the claim." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

/

/

4

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SVSP – Chief Deputy Warden A. Hedgpeth, Lts. R. Martinez and J. J. Hughes, correctional officers M. Valdez and A. Diaz, and psychologists J. Gardi and J. Scaramozzino – and the following defendants at CDCR in Sacramento – LEIU special agents Everett W. Fischer, Daniel L. Smith and Dave L. Speer. The PBSP defendants – doctor W. Wahidulla and medical technical assistant Jones – and the allegations against them are DISMISSED without prejudice.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

18
19
20
21
22
23

 Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

24
25

    d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

26

/

27
28

6

     e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

  4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 27, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Saavedra, M1.service.wpd      7